1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| JAMES JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; W. CRAIG JELINEK; and RICHARD A. GALANTI,<br><br>Defendants. | No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

16    Plaintiff James Johnson ("Plaintiff"), by his attorneys, except for his own acts, which are

17 based on knowledge, alleges the following based upon the investigation of counsel, which

18 included a review of United States Securities and Exchange Commission ("SEC") filings by

19 Costco Wholesale Corporation ("Costco" or the "Company"), as well as regulatory filings and

20 reports, securities analyst reports and advisories by the Company, press releases and other

21 public statements issued by the Company, and media reports about the Company. Plaintiff

22 believes that additional evidentiary support will exist for the allegations set forth herein after a

23 reasonable opportunity for discovery.

24                          **I.      NATURE OF ACTION**

25    1.    This is a federa1 securities class action on behalf of all investors who purchased

26 or otherwise acquired Costco common stock between June 6, 2018, and October 25, 2018,

27

inclusive (the "Class Period"), seeking remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## II.    JURISDICTION AND VENUE

2.    The federal law claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 27 of the Securities Act (15 U.S.C. § 78aa.). This Court has jurisdiction over each Defendant named herein because each Defendant is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

4.    Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b) because certain of the acts alleged herein, including the preparation and dissemination of material false and/or misleading information, occurred in this District.

## III.    PARTIES

5.    Plaintiff James Johnson purchased Costco common stock within the Class Period and, as a result, was damaged thereby. Plaintiff's certification evidencing his transactions is attached hereto as Exhibit A.

6.    Defendant Costco is incorporated in Washington and maintains its principal offices located at 999 Lake Drive, Issaquah, WA 98027. Costco's common stock trades on the NasdaqGS under the ticker symbol "COST."

7.    Defendant W. Craig Jelinek ("Jelinek") was the Company's Chief Executive Officer ("CEO"), President, and Director at all relevant times.

8.    Defendant Richard A. Galanti ("Galanti") was the Company's Chief Financial Officer ("CFO"), Executive Vice President, and Director at all relevant times.

9.    Defendants in paragraphs 7-8 are collectively referred to herein as the "Individual Defendants."

10.    Each of the Individual Defendants:

(a)    directly participated in the management of the Company;

(b)    was directly involved in the day-to-day operations of the Company at the highest levels;

(c)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(d)    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(e)    was aware of or deliberately recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(f)    approved or ratified these statements in violation of the federal securities laws.

11.    Because of the Individual Defendants' positions within the Company, they had access to undisclosed information about Costco's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations and performance), conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.

12.    As officers of a publicly held company whose securities were, and are, registered with the SEC pursuant to the federal securities laws of the United States, the Individual Defendants each had a duty to disseminate prompt, accurate and truthful information with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects,

and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded securities would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

13.    The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Costco's reports to the SEC, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, i.e., the market. Each Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

14.    Each of the Individual Defendants are liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Costco common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (i) deceived the investing public regarding Costco's business, operations, management and the intrinsic value of its securities and (ii) caused Plaintiff and other shareholders to purchase Costco securities at artificially inflated prices.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Company Background

15.    Costco engages in the operation of membership warehouses in the United States (U.S.) and Puerto Rico, Canada, United Kingdom (U.K.), Mexico, Japan, Australia, Spain,

France, Iceland and through majority-owned subsidiaries in Taiwan and Korea. As of September 3, 2017, Costco operated 741 warehouses worldwide. Through the membership warehouses, Costco aims at offering low prices on a limited selection of national products in certain categories to produce high sales volumes and rapid inventory turnover.

16.    On October 18, 2017, Costco filed a Form 10-K with the SEC announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended September 3, 2017 ("2017 10-K"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, Costco stated in pertinent part:

Item 1A—Risk Factors (Continued)

*        *        *

**We rely extensively on information technology to process transactions, compile results, and manage our businesses.** Failure or disruption of our primary and back-up systems could adversely affect our businesses. A failure to adequately update our existing systems and implement new systems could harm our businesses and adversely affect our results of operations.

Given the very high volume of transactions we process each year it is important that we maintain uninterrupted operation of our business-critical computer systems. Our systems, including our back-up systems, are subject to damage or interruption from power outages, computer and telecommunications failures, computer viruses, internal or external security breaches, catastrophic events such as fires, earthquakes, tornadoes and hurricanes, and errors by our employees. If our systems are damaged or cease to function properly, we may have to make significant investments to fix or replace them, and we may suffer interruptions in our operations in the interim. Any material interruption in these systems could have a material adverse effect on our business and results of operations.

*        *        *

**If we do not maintain the privacy and security of member-related and other business information, we could damage our reputation with members, incur substantial additional costs, and become subject to litigation.**

We receive, retain, and transmit personal information about our members and entrust that information to third-party business associates, including cloud service providers that perform activities for us. Our warehouse and online businesses depend upon the secure transmission of encrypted confidential information over public networks, including information permitting cashless

payments. A compromise of our security systems or those of our business associates, that results in our members' information being obtained by unauthorized persons, could adversely affect our reputation with our members and others, as well as our operations, results of operations, financial condition and liquidity, and could result in litigation against us or the imposition of penalties. In addition, a breach could require that we expend significant additional resources related to the security of information systems and could disrupt our operations.

The use of data by our business and our business associates is regulated at the national and state or local level in all of our operating countries. Privacy and information-security laws and regulations change, and compliance with them may result in cost increases due to necessary systems changes and the development of new processes. If we or those with whom we share information fail to comply with these laws and regulations, our reputation could be damaged, possibly resulting in lost future business, and we could be subjected to additional legal risk as a result of non-compliance.

***Our security measures may be undermined due to the actions of outside parties, employee error, internal or external malfeasance, or otherwise, and, as a result an unauthorized party may obtain access to our data systems and misappropriate business and personal information.*** Because the techniques used to obtain unauthorized access, disable or degrade service, or sabotage systems change frequently and may not immediately produce signs of intrusion, we may be unable to anticipate these techniques, timely discover or counter them, or implement adequate preventative measures. Any such breach or unauthorized access could result in significant legal and financial exposure, damage to our reputation, and potentially have an adverse effect on our business.

Emphasis added.

17.    Regarding disclosure controls and procedures, Costco stated in relevant part:

**Disclosure Controls and Procedures**

As of the end of the period covered by this Annual Report on Form 10-K, we performed an evaluation under the supervision and with the participation of management, including our Chief Executive Officer and Chief Financial Officer, of our disclosure controls and procedures (as defined in Rules 13a-15(e) or 15d-15(e) under the Securities and Exchange Act of 1934 (the Exchange Act)). ***Based upon that evaluation, our Chief Executive Officer and Chief Financial Officer concluded that, as of the end of the period covered by this Annual Report, our disclosure controls and procedures are effective.***

There has been no change in our internal control over financial reporting (as defined in Rules 13a-15(f) or 15d-15(f) of the

Exchange Act) during our fiscal quarter ended September 3, 2017, that has materially affected or is reasonably likely to materially affect our internal control over financial reporting.

Emphasis added.

**B.    Material Misstatements and Omissions during the Class Period**

18.    The Class Period begins on June 6, 2018, when after the market close, Costco filed a Form 10-Q with the SEC announcing the Company's financial and operating results for the third fiscal quarter and nine months ended May 13, 2018 ("Q3 2018 10-Q"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, the Company stated in relevant part:

Item 4—Controls and Procedures (Continued)

Chief Financial Officer, of our disclosure controls and procedures (as defined in Rules 13a-15(e) and 15d-15(e) under the Securities and Exchange Act of 1934 (the Exchange Act)). ***Based upon that evaluation, our Chief Executive Officer and Chief Financial Officer concluded that, as of the end of the period covered by this Quarterly Report, our disclosure controls and procedures are effective.***

There have been no changes in our internal control over financial reporting (as defined in Rules 13a-15(f) or 15d-15(f) of the Exchange Act) during our most recently completed fiscal quarter that have materially affected or are reasonably likely to materially affect our internal control over financial reporting.

\*        \*        \*

Item 1A—Risk Factors

In addition to the other information set forth in the Quarterly Report on Form 10-Q, you should carefully consider the factors discussed in Part I, Item 1A, "Risk Factors" in our Annual Report on Form 10-K, for the fiscal year ended September 3, 2017. ***There have been no material changes in our risk factors from those disclosed in our Annual Report on Form 10-K.***

Emphasis added.

19.    The statements in paragraphs ¶ 18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants failed to disclose that: (i) Costco lacked effective

internal control over financial reporting; (ii) as a result of the foregoing, Defendants' statements about Costco's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

**C.    The Truth Begins to Emerge**

20.    On October 4, 2018, Costco issued a press release, also attached as exhibit 99.1 to the Form 8-K filed with the SEC announcing the Company's financial and operating results for the fourth fiscal quarter and year ended September 2, 2018 ("FY 2018 Press Release"). Therein, Costco stated in relevant part:

> COSTCO WHOLESALE CORPORATION REPORTS
> FOURTH QUARTER AND FISCAL YEAR
> 2018 OPERATING RESULTS
>
> ISSAQUAH, Wash., October 4, 2018—Costco Wholesale Corporation ("Costco" or the "Company") (Nasdaq: COST) today announced its operating results for the 16-week fourth quarter and the 52-week fiscal year ended September 2, 2018.
>
> Net sales for the 16-week fourth quarter were $43.4 billion, an increase of 5.0 percent from $41.4 billion in the 17-week fourth quarter last year. Net sales for the 52-week fiscal year were $138.4 billion, an increase of 9.7 percent from $126.2 billion in the 53-week fiscal year of 2017.
>
> *                *                *
>
> ***While the Company is still completing its assessment of the effectiveness of its internal control over financial reporting as of September 2, 2018, in its upcoming fiscal 2018 Annual Report on Form 10-K, it expects to report a material weakness in internal control. The weakness relates to general information technology controls in the areas of user access and program change-management over certain information technology systems that support the Company's financial reporting processes. The access issues relate to the extent of privileges afforded users authorized to access company systems.*** As of the date of this release, there have been no misstatements identified in the financial statements as a result of these deficiencies, and the Company expects to timely file its Form 10-K.
>
> Remediation efforts have begun; the material weakness will not be considered remediated until the applicable controls operate for a

sufficient period of time and management has concluded, through testing, that these controls are operating effectively. The Company expects that the remediation of this material weakness will be completed prior to the end of fiscal year 2019.

Emphasis added.

21.     On this news, the price of the Company's common stock declined $12.86 from a close on October 4, 2018 at $231.68 per share of Costco common stock, to a close on October 5, 2018 at $218.82 per share of Costco common stock, *a drop of approximately 5.55%.*

22.     On October 26, 2018, Costco filed a Form 10-K with the SEC announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended September 2, 2018 ("2018 10-K"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, Costco stated in pertinent part:

> *We identified a material weakness in internal control related to ineffective information technology general controls (ITGCs) in the areas of user access and program change-management over certain information technology (IT) systems that support the Company's financial reporting processes. Our business process controls (automated and manual) that are dependent on the affected ITGCs were also deemed ineffective because they could have been adversely impacted. We believe that these control deficiencies were a result of: IT control processes lacking sufficient documentation such that the successful operation of ITGCs was overly dependent upon knowledge and actions of certain individuals with IT expertise, which led to failures resulting from changes in IT personnel; insufficient training of IT personnel on the importance of ITGCs; and risk-assessment processes inadequate to identify and assess changes in IT environments that could impact internal control over financial reporting.* The material weakness did not result in any identified misstatements to the financial statements, and there were no changes to previously released financial results. *Based on this material weakness, the Company's management concluded that at September 2, 2018, the Company's internal control over financial reporting was not effective.*

Emphasis added.

23.     On this news, the price of the Company's common stock declined $8.21 from a close on October 25, 2018 at $226.40 per share of Costco common stock, to a close on October 26, 2018 at $218.19 per share of Costco common stock, *a drop of approximately 3.63%.*

## V.    ADDITIONAL SCIENTER ALLEGATIONS

24.    As alleged herein, Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Costco, their control over, and/or receipt and/or modification of Costco's allegedly materially misleading statements and/or their associations with the Company which made them privy to confidential proprietary information concerning Costco, participated in the fraudulent scheme alleged herein.

## VI.    LOSS CAUSATION AND ECONOMIC LOSS

25.    During the Class Period, as detailed herein, Defendants engaged in a scheme to deceive the market and a course of conduct that artificially inflated the Company's stock price, and operated as a fraud or deceit on acquirers of the Company's common stock. As detailed above, when the truth about Costco's misconduct and its lack of operational and financial controls was revealed, the value of the Company's common stock declined precipitously as the prior artificial inflation no longer propped up its stock price. The decline in Costco's common stock price was a direct result of the nature and extent of Defendants' fraud finally being revealed to investors and the market. The timing and magnitude of the common stock price decline negates any inference that the loss suffered by Plaintiff and other members of the Class was caused by changed market conditions, macroeconomic or industry factors or Company-specific facts unrelated to the Defendants' fraudulent conduct. The economic loss, i.e., damages, suffered by Plaintiff and other Class members was a direct result of Defendants' fraudulent scheme to artificially inflate the Company's stock price and the subsequent significant decline in the value of the Company's share, price when Defendants' prior misrepresentations and other fraudulent conduct was revealed.

26.     At all relevant times, Defendants' materially false and misleading statements or omissions alleged herein directly or proximately caused the damages suffered by the Plaintiff and other Class members. Those statements were materially false and misleading through their failure to disclose a true and accurate picture of Costco's business, operations and financial condition, as alleged herein. Throughout the Class Period, Defendants publicly issued materially false and misleading statements and omitted material facts necessary to make Defendants' statements not false or misleading, causing Costco's common stock to be artificially inflated. Plaintiff and other Class members purchased Costco's common stock at those artificially inflated prices, causing them to suffer the damages complained of herein

## VII.   PRESUMPTION OF RELIANCE; FRAUD-ON-THE-MARKET

27.     At all relevant times, the market for Costco common stock was an efficient market for the following reasons, among others:

     (a)   Costco common stock met the requirements for listing, and were listed and actively traded on the NasdaqGS, a highly efficient market;

     (b)   During the Class Period, Costco common stock were actively traded, demonstrating a strong presumption of an efficient market;

     (c)   As a regulated issuer, Costco filed with the SEC periodic public reports during the Class Period;

     (d)   Costco regularly communicated with public investors via established market communication mechanisms;

     (e)   Costco was followed by securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace; and

     (f)   Unexpected material news about Costco was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

28.     As a result of the foregoing, the market for Costco common stock promptly digested current information regarding Costco from all publicly available sources and reflected such information in Costco's stock price. Under these circumstances, all purchasers of Costco common stock during the Class Period suffered similar injury through their purchase of Costco's common stock at artificially inflated prices and a presumption of reliance applies.

29.     Alternatively, reliance need not be proven in this action because the action involves omissions and deficient disclosures. Positive proof of reliance is not a prerequisite to recovery pursuant to ruling of the United States Supreme Court in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered the omitted information important in deciding whether to buy or sell the subject security. Here, the facts withheld are material because an investor would have considered the Company's financials and adequacy of internal controls over financial reporting when deciding whether to purchase and/or sell stock in Costco.

## VIII.   NO SAFE HARBOR; INAPPLICABILITY OF BESPEAKS CAUTION DOCTRINE

30.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the material misrepresentations and omissions alleged in this Complaint.

31.     To the extent certain of the statements alleged to be misleading or inaccurate may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

32.     Defendants are also liable for any false or misleading "forward-looking statements" pleaded because, at the time each "forward-looking statement" was made, the speaker knew the "forward-looking statement" was false or misleading and the "forward-

looking statement" was authorized and/or approved by an executive officer of Costco who knew that the "forward-looking statement" was false. Alternatively, none of the historic or present-tense statements made by the defendants were assumptions underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by the defendants expressly related to or stated to be dependent on those historic or present-tense statements when made.

## IX.    CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of all individuals and entities who purchased or otherwise acquired Costco common stock on the public market during the Class Period, and were damaged, excluding the Company, the defendants and each of their immediate family members, legal representatives, heirs, successors or assigns, and any entity in which any of the defendants have or had a controlling interest (the "Class").

34.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Costco securities were actively traded on the NasdaqGS. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Costco or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Upon information and belief, as of May 30, 2018, Costco had approximately 438,541,544 shares of common stock outstanding. Upon information and belief, these shares are held by thousands if not millions of individuals located geographically throughout the country and possibly the world. Joinder would be highly impracticable.

35.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by the defendants' respective wrongful conduct in violation of the federal laws complained of herein.

36.    Plaintiff has and will continue to fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

37.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a)    whether the federal securities laws were violated by the defendants' respective acts as alleged herein;

    (b)    whether the defendants acted knowingly or with deliberate recklessness in issuing false and misleading financial statements;

    (c)    whether the price of Costco securities during the Class Period was artificially inflated because of the defendants' conduct complained of herein; and

    (d)    whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

# X.    CAUSES OF ACTION

## COUNT I

### For Violation of Section 10(b) of the Exchange Act and
### Rule 10b-5 Promulgated Thereunder Against all Defendants

39.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Costco common stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

41.    Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for Costco securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

42.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Costco as specified herein.

43.    These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Costco's value and performance and continued substantial growth, which included the making of, or participation

in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Costco and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Costco common stock during the Class Period.

44.    Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each Individual Defendant, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each Individual Defendant enjoyed significant personal contact and familiarity with the other Individual Defendant and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each Individual Defendant was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

45.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Costco's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by

deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

46.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Costco's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Costco's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Costco's common stock during the Class Period at artificially high prices and were or will be damaged thereby.

47.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Costco's financial results, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Costco securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

48.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

49.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

50.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of common stock giving rise to the cause of action.

**COUNT II**

**For Violation of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Costco within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

53.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

54.     As set forth above, Costco, the Individual Defendants each violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and omissions as alleged in this Complaint.

55.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

56.     This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of common stock giving rise to the cause of action.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.    Declaring this action to be a proper class action pursuant to Fed. R. Civ. P. 23;

B.    Awarding Lead Plaintiffs and the members of the Class damages, including interest;

C.    Awarding Lead Plaintiffs reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

D.    Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## XII.    JURY TRIAL DEMANDED

Lead Plaintiffs hereby demand a trial by jury.


DATED:  November 5, 2018.

BRESKIN JOHNSON TOWNSEND, PLLC

By: _s/ Roger Townsend_
Roger Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel:  (206)652-8660
rtownsend@bjtlegal.com

LEVI & KORSINSKY, LLP (Trial Counsel)
Eduard Korsinsky*
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email:ek@zlk.com
*Pro hac vice application forthcoming

*Attorneys for Plaintiff and Proposed Lead Counsel for the Class*

EXHIBIT A

## CERTIFICATION OF NAMED PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

I, ___James Johnson___ , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed the complaint and authorized its filing.

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Costco Wholesale Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this October 24, 2018.

Name : ___James Johnson___

Clear

Signed:



**Schedule A**

**James Johnson**
**Transactions in Costco Wholesale Corporation (COST) Common Stock**
**Class Period: June 6, 2018 and October 25, 2018, inclusive**

| Date of Transaction | Acc #1 Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 6/12/2018 | B | 100 | 204.8199 |
| 8/9/2018 | B | 20 | 218.7890 |
| 8/20/2018 | S | (10) | 227.5800 |
| 8/27/2018 | S | (10) | 229.7801 |
| 10/5/2018 | S | (30) | 218.7601 |
| 10/8/2018 | B | 20 | 223.0399 |