UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JAMES JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; W. CRAIG JELINEK; and RICHARD A. GALANTI,<br><br>Defendants. | No. 2:18-cv-01611-TSZ<br><br>**ORDER GRANTING FRED D. DAVOLI'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>CLASS ACTION |
| PHIL CHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, W. CRAIG JELINEK, and RICHARD A. GALANTI,<br><br>Defendants. | No. 2:18-cv-01779-TSZ |

Having considered the papers filed in support of the Motions of class members Fred D. Davoli ("Movant") for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and (C), docket nos. 9 & 14, Defendants' Response, docket no. 11, Phil Chen's Notice to Withdraw Pending Motion, docket no. 12, and for good cause shown, the Court hereby enters the following Order:

**I. CONSOLIDATION OF RELATED ACTIONS**

1. The related case of *Chen v. Costco, et al.*, Case No. 18-1779, is consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure with the *Johnson* case under Case No. 18-1611 (the "Consolidated Action").

2. All future pleadings and other papers shall be filed only under Case No. 18-1611.

3. The Clerk is DIRECTED to close Case No. 18-1779, and to send a copy of this Order to all counsel of record.

**II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

4. Movant has moved this Court to be appointed as Lead Plaintiff in the above-captioned actions and to approve the counsel he retained to be Lead Counsel.

5. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the putative class.

6. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm Levi & Korsinsky, LLP to serve as Lead Counsel and Breskin Johnson Townsend, PLLC to serve as Liaison Counsel. The Court approves Movant's selection of Lead Counsel and Liaison Counsel.

7. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

  a. to coordinate the briefing and argument of any and all motions;

  b. to coordinate the conduct of any and all discovery proceedings;

  c. to coordinate the examination of any and all witnesses in depositions;

  d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

  e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

  f. to coordinate all settlement negotiations with counsel for defendants;

  g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

  h. to coordinate the preparation and filings of all pleadings; and

  i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

8. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

9. Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

ORDER FOR CONSOL. & APPT. Nos. 2:18-cv-
01611-TSZ; 2:18-cv-01779-TSZ - 3

**III. NEWLY FILED OR TRANSFERRED ACTIONS**

11. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, Lead Counsel shall:

    a. File a copy of this Order in the separate action;

    b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. File a notice of related case in this Consolidated Action.

**IV. PRESERVATION OF MATERIALS**

12. During the pendency of any stay of discovery pursuant to the PSLRA, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this 30th day of January, 2019.

                                                Thomas S. Zilly
                                                United States District Judge