**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED D. DAVOLI, Lead Plaintiff,<br><br>    Plaintiff-Appellant,<br><br> and<br><br>JAMES JOHNSON; PHIL CHEN,<br><br>    Plaintiffs,<br><br> v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; W. CRAIG JELINEK; RICHARD A. GALANTI,<br><br>    Defendants-Appellees. | No.    20-35821<br><br>D.C. Nos.    2:18-cv-01611-TSZ<br> 2:18-cv-01779-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted July 9, 2021
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON and IKUTA, Circuit Judges, and CALDWELL,[**] District Judge.

Fred Davoli appeals from the district court's order dismissing with prejudice Davoli's Second Consolidated Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal de novo, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).  We affirm.

The district court did not err in dismissing Davoli's claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) against Costco Wholesale Corporation (Costco) for an allegedly misleading statement in its June 2018 Form 10-Q.  The complaint failed to raise a strong inference that any senior controlling officer of Costco (whose scienter may be imputed to Costco, *see In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 476 (9th Cir. 2015)) had the

---

[**]    The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

requisite scienter of deliberate recklessness.[1]  Davoli's confidential witnesses failed

to make sufficiently particularized allegations that Craig Jelinek (Costco's CEO)

and Richard Galanti (Costco's CFO) knew that Costco's internal control over

financial reporting was not effective, but nevertheless made assurances regarding

effective internal control with deliberate recklessness when they signed Costco's

June 2018 Form 10-Q.  The confidential witnesses' organizational roles did not

give them personal knowledge regarding what information was provided to Jelinek

or Galanti, and so the witnesses' allegations were insufficient to show that Jelinek

and Galanti knew about the weaknesses in the internal control over financial

reporting.  Nor did the confidential witnesses' allegations sufficiently plead that

Paul Moulton (Costco's CIO) and other information technology employees knew

that Costco's internal controls were ineffective in June 2018 or that they were

sufficiently involved with the making of the June 2018 10-Q statement so

---

[1] We reject Davoli's argument that *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 390 (9th Cir. 2010), allows him to plead scienter by alleging "red flags" regarding a possible misstatement and "access" to underlying facts, because such a standard is effectively a negligence standard.  As we have consistently held in this context, a complaint must allege that the defendant acted with a deliberate recklessness reflecting intentional or conscious misconduct, *see NVIDIA*, 768 F.3d at 1053.  In light of the Supreme Court's precedent, *see Ernst & Ernst. v. Hochfelder*, 425 U.S. 185, 193 & n.12 (1976), and our own, *see Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1568–70 (9th Cir. 1990) (en banc), *Oracle Corp.* is best read as requiring allegations of willful blindness, which is a species of deliberate recklessness and is not alleged adequately here.

that—even assuming their scienter could be imputed to Costco—their failure to act could support a strong inference of deliberate recklessness.  *See Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1109 (9th Cir. 2021).  Jelinek and Galanti's Sarbanes-Oxley certifications themselves "add nothing substantial to the scienter calculus" for Costco.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1004 (9th Cir. 2009).

In short, the inferences raised by the complaint's allegations are not as compelling as the opposing innocent inference that Costco did not know that its internal control was ineffective until the more rigorous internal review performed in advance of the October 2018 Form 10-K.  *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323–24 (2007).  Therefore, the complaint's allegations fail to satisfy the heightened pleading standard imposed by the Private Securities Litigation Reform Act of 1995 (PSLRA).  *See NVIDIA*, 768 F.3d at 1052; *see also* 15 U.S.C. § 78u-4(b)(2)(A).

The district court did not err in dismissing Davoli's claim under Section 10(b) and Rule 10b-5(b) against Jelinek and Galanti for statements made in their June 2018 Sarbanes-Oxley certifications.  As described above, the complaint fails to adequately allege that Jelinek and Galanti knew that internal control was not effective at the time they signed the June 2018 Sarbanes-Oxley certifications

such that those statements were made with deliberate recklessness. *Cf. Prodanova*, 993 F.3d at 1109.

Finally, Davoli's Section 20(a) claims for control person liability also fail to state a claim because Davoli did not adequately plead any primary violation of Section 10(b). *Zucco Partners*, 552 F.3d at 990; *see* 15 U.S.C. § 78t(a).

**AFFIRMED.**